Daniel E. Post, Esq. (Bar No. 172948)
Allison C. Fries, Esq. (Bar No. 260306)
ANDERSON, ZEIGLER, DISHAROON,
 GALLAGHER & GRAY
50 Old Courthouse Square, 5th Fl. (95404)
P.O. Box 1498
Santa Rosa, CA  95402-1498
Telephone:   707/545-4910
Facsimile:   707/544-0260
Email:        allison.fries@azdgg.com


Attorneys for Plaintiff Linda Williamson

**UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LINDA WILLIAMSON | ) Civil Action No. |
| Plaintiff, | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | ) **(Unlawful Debt Collection Practices)** |
| BAY AREA CREDIT SERVICE, LLC; ALLIANT LAW GROUP, P.C.; GREGORY J. MILLER, ESQ.; DOES 1-20. | ) |
| Defendants. | ) |

Plaintiff Linda Williamson hereby submits the following Complaint:

## I.     INTRODUCTION

1.     This is an action for damages brought by an individual consumer for defendants' violations of the Fair Debt Collection practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") and the California Unlawful Debt Collection Practices Act, California Code § 1788 *et seq.* (hereinafter "State Act"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

ANDERSON, ZEIGLER, DISHAROON, GALLAGHER & GRAY
ATTORNEYS AT LAW
50 OLD COURTHOUSE SQUARE, FIFTH FLOOR
P.O. BOX 1498
SANTA ROSA, CALIFORNIA 95402-1498
(707) 545-4910  FAX (707) 544-0260

## II.    JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §§ 2201 and 2202.  Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

## III.    PARTIES

3.      Plaintiff, Linda Williamson, is a natural person residing in Calistoga, California.

4.      Defendant Bay Area Credit Service, LLC, (hereinafter "Bay Area Credit")is a California limited liability company engaged in the business of collecting debts in this state with its principal place of business located at 1901 W. 10th Street, Antioch, CA 94509.  The principal purpose of defendant Bay Area Credit is the collection of debts using the mails and telephone, and defendant Bay Area Credit regularly attempts to collect debts alleged to be due to another

5.      Defendant Alliant Law Group, P.C. (hereinafter "Alliant Law Group") is a California professional corporation engaged in the business of collecting debts in this state with its principal place of business located at 2860 Zanker Road, Suite 105, San Jose, CA 95134.  The principal purpose of defendant Alliant Law Group is the collection of debts using the mails and telephone, and defendant Alliant Law Group regularly attempts to collect debts alleged to be due to another.

6.      Defendant Gregory J. Miller, Esq, (hereinafter "Miller") is a natural person, sole shareholder of Alliant Law Group and was employed by defendant Alliant Law Group as a collector at all times relevant to this complaint.  Defendant Miller attempted to collect the alleged debt from plaintiff.

2

7.    Defendants are "debt collectors" as defined by the FDCPA 15 U.S.C. § 1692a(6).

8.    Plaintiff Linda Williamson is unaware of the true names and capacities of the defendants sued herein and DOES 1-20, inclusive, and therefore sues these defendants by fictitious names.  Plaintiff will amend her complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and therefore alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries were proximately caused by such defendants.  These fictitiously named defendants are herein referred to collectively as "defendants."

### IV.    FACTUAL ALLEGATIONS

9.    Beginning in or about March of 2008, directly after the death of plaintiff's husband, Bay Area Credit began contacting plaintiff by letter and phone seeking payment of an alleged debt of $1,315.42 allegedly owed to American Medical response for Medical services rendered to plaintiff's deceased husband.

10.    This contact quickly escalated to harassing phone calls, filled with threats of a law-suit if plaintiff did not pay immediately.  Defendants often called plaintiff three times a day for multiple days in a row.  During one of these calls, the caller told plaintiff that she had two days to pay the debt "or else we will sue."

11.    American Medical Response, the creditor, put in a request to stop the collection agency calls on July 25, 2008 after it was discovered that plaintiff's husband's   Medicare and Tricare should have been billed, not plaintiff's husband directly.

COMPLAINT AND DEMAND FOR JURY TRIAL

12.     Bay Area Credit continued to try to collect the "debt" even after its client, the creditor requested it cease collection efforts.  On August 11, 2008 "Jennifer" with Bay Area Credit called plaintiff and claimed they were taking legal action against plaintiff.

13.     On or about August 11, 2008, plaintiff's attorney wrote to Bay Area Credit requesting defendants cease contact with plaintiff directly, and directed all further contact to his office.  A copy of the letter is attached as EXHIBIT A.

14.     On information and belief, plaintiff alleges that Bay Area Credit referred the case to Alliant Law Group in an attempt to circumvent plaintiff's attorney's letter directing all further contact to his office.  Bay Area Credit and Alliant Law Group are both owned by the same parent company Hands On Ventures.

15.     On or about August 20, 2008, defendant Miller while employed as a collector by defendant Alliant Law Group mailed a letter to plaintiff which threatened legal action if payment was not received.  A copy of the letter is attached as EXHIBIT B.  No payment was made by plaintiff and no suit was filed by defendants against plaintiff.  The letter indicated the debt had been referred to Alliant Law Group by Bay Area Credit.

16.     As a result of the acts alleged above, plaintiff suffered emotional distress which manifested as embarrassment, headaches, problems sleeping and general anxiety.

### V.     FIRST CLAIM FOR FEDERAL RELIEF

### (Against Bay Area Credit and Does 1-10)

17.     Plaintiff repeats and realleges and incorporates by reference paragraphs one through sixteen above.

4

COMPLAINT AND DEMAND FOR JURY TRIAL

18.     Bay Area Credit violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

a.     Bay Area Credit violated 15 U.S.C. § 1692e(2)(A), (5) and (10) by misrepresenting the imminence of legal action by defendants.

b.     Bay Area Credit violated 15 U.S.C. § 1692e(2)(a) because it knew that the alleged debt was invalid (because the creditor had put in a stop calls request on the debt), and its continued attempts at collections amounted to a violation of the prohibition on false representation of "the character, amount, or legal status of any debt."

c.     Bay Area Credit violated 15 U.S.C. § 1692e(2)(a) by misrepresenting the legal status of any debt in that it alleged plaintiff owed the alleged debt, although it was her deceased husband who incurred it, and neither Bay Area Credit nor its creditor American Medical Response filed a creditor's claim against plaintiff's husband's estate.

d.     Bay Area Credit violated 15 U.S.C. § 1692c(a)(2) by causing Alliant Law Group to contact the plaintiff after plaintiff's attorney told Bay Area Credit to direct all future contact to him and Bay Area Credit knew that plaintiff was represented by counsel.

e.     Bay Area Credit violated 15 U.S.C. § 1692g by making a threat of suit during the debt validation request period in a manner that overshadowed the notice validation rights and would create confusion for a least sophisticated consumer about his rights.

f.     Bay Area Credit violated 15 U.S.C. § 1692g(a) by failing to include notice of validation rights.

COMPLAINT AND DEMAND FOR JURY TRIAL

g.    Bay Area Credit violated 15 U.S.C. § 1692g(b) by failing to provide verification of the debt.

h.    The defendants violated 15 U.S.C. § 1692(d)5 by causing a telephone to ring repeatedly with the intent to annoy, abuse, or harass plaintiff at the called number.

19.    As a result of the above violations of the FDCPA, plaintiff suffered actual damages of emotional distress.  Bay Area Credit is liable to the plaintiff for declaratory judgment that its conduct violated the FDCPA, and plaintiff is entitled to actual damages, statutory damages, and costs and attorneys' fees.

## VI.    SECOND CLAIM FOR FEDERAL RELIEF

### (Against Alliant Law Group, Miller, and Does 11-20)

20.    Plaintiff repeats and realleges and incorporates by reference all paragraphs above.

21.    Alliant Law Group and Miller violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

a.    Alliant Law Group and Miller violated 15 U.S.C. § 1692e(2)(A), (5) and (10) by misrepresenting the imminence of legal action by defendants.

b.    Alliant Law Group and Miller violated 15 U.S.C. § 1692e(2)(a) because they knew the debt alleged was invalid (because the creditor had put in a stop calls request on the debt), and their continued attempts at collections amounted to a violation of the prohibition on false representation of "the character, amount, or legal status of any debt."

c.    Bay Area Credit violated 15 U.S.C. § 1692e(2)(a) by misrepresenting the legal status of any debt in that it alleged plaintiff owed the alleged

COMPLAINT AND DEMAND FOR JURY TRIAL

debt, although it was her deceased husband who incurred it, and neither Alliant Law Group nor its creditor American Medical Response filed a creditor's claim against plaintiff's husband's estate.

        d.    Alliant Law Group and Miller violated 15 U.S.C. § 1692c(a)(2) by contacting the plaintiff after plaintiff's attorney contacted Bay Area Credit to direct all future contact to him and Alliant Law Group and Miller knew from Bay Area Credit that plaintiff was represented by counsel.

        e.    Alliant Law Group and Miller violated 15 U.S.C. § 1692g by making a threat of suit during the debt validation request period in a manner that overshadowed the notice validation rights and would create confusion for a least sophisticated consumer about his rights.

        f.    Alliant Law Group and Miller violated 15 U.S.C. § 1692g(a) by failing to include notice of validation rights.

        g.    Alliant Law Group and Miller violated 15 U.S.C. § 1692g(b) by failing to provide verification of the debt.

        h.    Alliant Law Group and Miller violated 15 U.S.C. § 1692f(1) by attempting to collect an amount of interest that was not expressly authorized by the agreement creating the debt or permitted by law.

        i.    Alliant Law Group and Miller violated 15 U.S.C. § 1692(e)(2) and (10) by implying that Alliant Law Group and Miller had reviewed plaintiff's debts and that an attorney was actively involved in recovering the debt

    22.    As a result of the above violations of the FDCPA, Alliant Law Group and Miller are liable to the plaintiff for declaratory judgment that their conduct violated the FDCPA, and plaintiff's actual damage, statutory damages, and costs and attorneys' fees.

## VII.   THIRD CLAIM FOR STATE RELIEF

### (Against Bay Area Credit and Does 1-10)

23.     Plaintiff repeats and realleges and incorporates by reference all paragraphs above.

24.     Bay Area Credit violated the State Act.  Bay Area Credit's violations of the State Act include but are not limited to, the following:

a.      Bay Area Credit violated California Code § 1788.14(c) when plaintiff's counsel informed Bay Area Credit in writing that all further communications with plaintiff were to be directed to him and defendants nonetheless caused Alliant Law Group to communicate directly with plaintiff after such written notification.

b.      Bay Area Credit violated California Code § 1788.11(e) by calling with such frequency as to be unreasonable and to constitute harassment to the debtor under the circumstances.

c.      Bay Area Credit violated California Code §§ 1788.13(j), 1788.17 by falsely representing that a legal proceeding would be instituted unless payment was made.

d.      Bay Area Credit violated California Code §§ 1812.702 by not including the required notice of debtor rights.

25.     Bay Area Credit's acts as described above were done intentionally with the purpose of coercing plaintiff to pay the alleged debt.

26.     As a result of the above violations of the State Act, the defendants are liable to the plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorneys' fees and costs.

COMPLAINT AND DEMAND FOR JURY TRIAL

## VIII.  FOURTH CLAIM FOR STATE RELIEF

### (Against Alliant Law Group, Miller and Does 11-20)

27.     Plaintiff repeats and realleges and incorporates by reference all paragraphs above.

28.     Alliant Law Group and Miller violated the State Act.  Alliant Law Group and Miller's violations of the State Act include but are not limited to, the following:

    a.     Alliant Law Group and Miller violated California Code § 1788.14(c) when plaintiff's counsel informed they communicated directly with plaintiff with the knowledge that plaintiff's attorney had previously directed such communications to his attention by written notification.

    b.     Alliant Law Group and Miller violated California Code §§ 1788.13(j), 1788.17 by falsely representing that a legal proceeding would be instituted unless payment was made.

    c.     Alliant Law Group and Miller violated California Code §§ 1812.702 by not including the required notice of debtor rights.

29.     Alliant Law Group and Gregory Miller's acts as described above were done intentionally with the purpose of coercing plaintiff to pay the alleged debt.

30.     As a result of the above violations of the State Act, the Alliant Law Group and Miller are liable to the plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorneys' fees and costs.

            WHEREFORE, plaintiff respectfully prays that judgment be entered against all defendants for the following:

COMPLAINT AND DEMAND FOR JURY TRIAL

A.    Declaratory judgment that defendants' conduct violated the FDCPA, and declaratory and injunctive relief for the defendant violations of the State Act.

B.    Actual damages pursuant to 15 U.S.C. § 1692k and California Code §§ 1788.30(a), 1788.17.

C.    Statutory damages pursuant to 15 U.S.C. § 1692k and California Code § 1788.30(b).

D.    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k and California Code § 1788.30(c).

E.    For such other and further relief as may be just and proper.

ANDERSON, ZEIGLER, DISHAROON,
GALLAGHER & GRAY,

Date:  February 12, 2009        By_____
                                     Allison C. Fries
                                     Attorneys for Linda Williamson

DEMAND FOR JURY TRIAL

Please note that plaintiff demands trial by jury in this action.

_____
Attorney for Plaintiff

10
COMPLAINT AND DEMAND FOR JURY TRIAL